

**Office of the Attorney General**
**State of Texas**

**DAN MORALES**
ATTORNEY GENERAL

September 9, 1991

Honorable Joe Lucas
County Attorney
El Paso County
Room 201, City-County Building
El Paso, Texas 79901

Opinion No. DM-37

Re: Whether a hospital district may eliminate dental health clinic services it currently provides, and if so, whether the district remains financially responsible for providing such services to indigent residents of the hospital district (RQ-88)

Dear Mr. Lucas:

You have asked two questions regarding the duty of the El Paso County Hospital District (the "Hospital District") to provide dental services to indigent residents of the Hospital District: (1) Can the Hospital District eliminate the dental clinic that it currently operates, and (2) If the Hospital District eliminates the dental clinic, will it nonetheless remain financially responsible for dental services rendered by other health care providers to indigent residents of the Hospital District?

We have been informed that the Hospital District is a county-wide hospital district created pursuant to article IX, section 4, of the Texas Constitution and chapter 281 of the Texas Health and Safety Code (formerly article 4494n, V.T.C.S.). The Hospital District operates the R.E. Thomason General Hospital (the "Hospital"). The Hospital District currently employs a full-time dentist, a part-time dentist and several dental assistants who perform, in your words, "urgent and emergent" dental care in a clinic adjacent to the Hospital. Although you do not describe these services in any greater detail, you have informed us that the dental clinic does not provide such services as routine fillings, check-ups, orthodontic work, or cosmetic dentistry. Approximately half of the patients who receive these dental services are indigent adults and children. The Hospital District has operated the dental services clinic for approximately ten years, but now intends to close it due to budgetary constraints.

The answer to your first question is straightforward. A hospital district's authority and duties are found in the Texas Constitution, the hospital district's

enabling statute, and provisions of the Health and Safety Code pertaining to hospital districts generally. *See generally* Health & Safety Code ch. 285; Attorney General Opinion JM-816 (1987) at 2. Section 285.051(a) of the Health and Safety Code (formerly article 4437c-2, V.T.C.S.) specifically authorizes the governing body of a hospital district to order by resolution the closing of all or part of a hospital provided that it finds that the closing is in the best interest of the residents of the hospital district. Section 285.051(b) and section 285.052 provide that the governing body of a hospital district must conduct an election on the closing of a hospital if petitioned to do so by ten percent of the qualified voters of the hospital district.[1] Plainly, these statutory provisions authorize the governing body of the Hospital District to adopt a resolution ordering the closing of the dental clinic if it finds that the closing is in the best interest of the residents of the Hospital District.

Your second question, however, is more difficult. As you note, the closure of a hospital under the authority of section 285.051 does not relieve a hospital district from liability for paying for health care services for its indigent residents. *See* Attorney General Opinion JM-864 (1988). In essence, your second query is whether the Texas Constitution or applicable statutes require the Hospital District to provide "urgent and emergent" dental services to indigent residents and impose a continuing obligation to pay for such services in the event the Hospital District discontinues providing them directly.[2]

Neither the constitution nor the applicable enabling statute specifically defines the services the Hospital District is required to provide to indigent residents. Article IX, section 4, of the Texas Constitution provides in pertinent part:

---

[1] *See Jackson County Hosp. Dist. v. Jackson County Citizens for Continued Hosp. Care*, 669 S.W.2d 147 (Tex. App.--Corpus Christi 1984, no writ); *see also* Attorney General Opinion JM-864 (1988).

[2] Apparently, the governing board of the Hospital District made the determination at some point in the past that the Hospital District is *authorized* by the constitution to provide "urgent and emergent" dental services. *See* Attorney General Opinion H-31 (1973) (stating that hospital district organized under article IX, section 4, may engage only in "medical and hospital care" as authorized by the constitution and holding that hospital district not authorized to perform restaurant, meat, milk, sewage, or water inspections). We assume for purposes of this opinion that the unspecified "urgent and emergent" dental services provided by the dental clinic fall within the definition of constitutionally authorized "medical and hospital care."

The Legislature may by law authorize the creation of county-wide Hospital Districts in counties having a population in excess of 190,000 ... with power to issue bonds for the purchase, acquisition, construction, maintenance and operation of any county owned hospital ... provided further, that *such Hospital District shall assume full responsibility for providing medical and hospital care to needy inhabitants of the county.* (Emphasis added.)

In 1985, the voters passed a constitutional amendment, article IX, section 9A, which provides that the legislature

*by law may determine the health care services a hospital district is required to provide,* the requirements a resident must meet to qualify for services, and any other relevant provisions necessary to regulate the provision of health care to residents. (Emphasis added.)

To date, however, the legislature has not used this authority to adopt legislation determining the health care services a hospital district is required to provide. *See* Attorney General Opinion JM-1052 (1989).

Like the constitution, the existing statutory scheme does not define the services that a hospital district is required to provide to indigent residents. Chapter 281 of the Texas Health and Safety Code, the applicable enabling statute, specifically authorizes counties with at least 190,000 inhabitants to create county-wide hospital districts "to furnish medical aid and hospital care to indigent and needy persons residing in the district," Health & Safety Code § 281.002, but does not define "medical aid and hospital care." Section 281.046 of the enabling statute, which requires such hospital districts to assume full responsibility for furnishing "medical and hospital care" for indigent and needy persons residing in the district as of the date on which taxes are collected, is similarly silent. Nor has the legislature given any guidance elsewhere pertaining to the services hospital districts are required to provide.

You appear to contend that because regulations[3] promulgated pursuant to the Indigent Health Care and Treatment Act[4] provide that counties are not generally required to provide dental care and because the Texas Oral Health Improvement Act[5] authorizes the Texas Department of Health to provide certain dental services to indigents, the legislature has implicitly recognized that all dental care is not "medical and hospital care." On this basis, you conclude that "urgent and emergent" dental care is not a service that hospital districts are required to provide. We are not persuaded, however, that this is necessarily the case for several reasons. First, even assuming that the Indigent Health Care and Treatment Act excludes all dental care from coverage, nowhere has the legislature indicated that the responsibilities of hospital districts and counties for indigent health care are identical in all respects. We believe that the Indigent Health Care and Treatment Act cannot necessarily be interpreted to define indirectly the services hospital districts are required to provide. Indeed, the Indigent Health Care and Treatment Act expressly acknowledges that the duties of hospital districts are separately defined, stating that "[a] hospital district shall provide the health care services required under *the Texas Constitution and the statute* creating the district." Health & Safety Code § 61.055 (emphasis added).[6]

Furthermore, we cannot accept without question your assumption that the Indigent Health Care and Treatment Act excludes *all* dental care, including "urgent and emergent" dental care, from coverage. The applicable regulations promulgated under the Indigent Health Care and Treatment Act provide that dental care is excluded from coverage "unless the service is covered as a physician service when provided by a licensed physician, and the dentist . . . can provide the service within the scope of his license." 40 T.A.C. § 14.202(d)(7). With no specific information about the "urgent and emergent" dental care the Hospital provides, we cannot exclude the possibility that at least some of these services are covered under the foregoing regulations. Thus, we cannot concur in your assumption that such services

---

[3]*See* 40 T.A.C. §§ 14.202(d)(7), 14.203(c)(2)(B).

[4]Health & Safety Code ch. 61 (formerly article 4438f, V.T.C.S.).

[5]Health & Safety Code ch. 43 (formerly article 4418g-2, V.T.C.S.).

[6]*See also* Attorney General Opinions JM-953 (1988) at 3 n.1 ("The Indigent Health Care and Treatment Act does not affect the obligations of hospital districts."); JM-722 (1987) at 3 ("The Indigent Health Care Act does not alter, or attempt to alter, the responsibility of a hospital district for all health care required by" the Texas Constitution and enabling statute.).

are not covered under the Indigent Health Care and Treatment Act or your conclusion that therefore the dental services currently provided by the Hospital District are not constitutionally or statutorily required services.

In the absence of express guidance in the Texas Constitution or statutes, and in light of article IX, section 9A, which reserves to the legislature the as of yet unexercised authority to adopt legislation determining the health care services that hospital districts are required to provide, this office has repeatedly refrained from defining "health care services" or "medical and hospital care" with greater specificity, observing that

> [i]n regard to medical care for the needy, it is the responsibility of the board of directors of a hospital district to determine what medical care is to be provided.

Attorney General Opinion JM-1052 at 4;[7] see also Attorney General Opinions M-1154 (1972); M-85 (1967); Attorney General Letter Opinion LO88-33 (1988). See generally Attorney General Opinion JM-816 at 3. Certainly, the Texas Constitution and statutory law require hospital districts to provide at least essential medical services to their indigent residents. Whether a hospital district must provide a specific service, however, is a matter that the legislature has chosen by default to leave to the governing body of a hospital district. We are unable to determine which, if any, of the services the dental clinic has provided are services that the Hospital District has a constitutional or statutory obligation to provide. Therefore, we do not reach the question whether the Hospital District is required to provide "urgent and emergent" dental services to its indigent residents and would be legally responsible to pay for such services if it does not provide them directly.

## SUMMARY

The El Paso County Hospital District is statutorily authorized by Health and Safety Code sections 285.051 and 285.052 to close its dental clinic. This office cannot opine on

---

[7]Attorney General Opinion JM-1052 addressed language in article IX, section 9, of the Texas Constitution which provides that hospital districts established pursuant to its provisions "shall assume full responsibility for providing medical and hospital care for its needy inhabitants." This language is almost identical to the parallel language in article IX, section 4, applicable to the Hospital District at issue here.

whether the Hospital District is constitutionally or statutorily required to provide "urgent and emergent" dental services to indigent residents and is required to pay for such services if it does not provide them directly.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General